BROOKE OLIVER, ESQ. (SBN 172828)
LINDA JOY KATTWINKEL, ESQ. (SBN 164283)
OLIVER, KATTWINKEL & SABEC P.C.
50 Balmy Alley
San Francisco, CA 94110
Phone: 415-641-1116
Fax: 415-695-1116
brooke@okslaw.com
ljk@okslaw.com

Attorneys for Defendants
SONY COMPUTER ENTERTAINMENT
AMERICA INC. and DAVID JAFFE

C. BROOKS CUTTER, ESQ. (SBN 121407)
ERIC RATINOFF, ESQ. (SBN 166204)
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Phone: (916) 448-9800
Fax: (916) 669-4499
bcutter@kcrlegal.com
eratinoff@kcrlegal.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BISSOON-DATH and JENNIFER BARRETTE-HERZOG,<br><br>Plaintiffs,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, INC., DAVID JAFFE, and DOES 1 THOUGH 100, inclusive,<br><br>Defendants. | No. CV08-1235 MHP<br><br>**STIPULATED PROTECTIVE ORDER** |

/ / /

/ / /

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the above-entitled action (the "Action") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted. In addition, the parties contemplate that non-parties may produce confidential information that should also be subjected to limited disclosure and use. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" information or items, the disclosure of which to

another Party or non-party would create a substantial risk of serious injury to the Producing Party.  For example, but without limitation and without any designation or admission of relevance by listing herein, materials that might be designated "Highly Confidential – Attorney's Eyes Only" could include, source code for game action scenes, or manuals that show how to create a videogame.

       2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

       2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this Action.

       2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

       2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

       2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this Action.

       2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

       2.11    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

       2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not a current employee of a Party or a current employee of a competitor of a Party's, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

       2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process in the Action, or to impose unnecessary expenses and burdens on another Party), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the

level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

   A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

    (b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all Protected Material, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 court days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 30 court days shall be covered by the provisions of this Order.

    Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    (c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

      5.3     Inadvertent Failures to Designate. The inadvertent or unintentional production by any party, or any third party subject to an obligation of confidentiality, of confidential material or information without designating such material or information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to that specific information or as to any other information. In the event that a party discovers that it or a third party subject to an obligation of confidentiality inadvertently or unintentionally provided confidential information without designation, that party shall promptly, by letter sent to opposing counsel, designate all documents or portions thereto containing such information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" subject to the protections of this Stipulated Protective Order and the opposing parties promptly shall so mark such documents. If inadvertently or unintentionally provided confidential information has been disclosed by the opposing parties in any filing, motion, hearing, trial or proceeding, then the opposing parties, after being duly notified by letter, shall, to the extent necessary designate all documents or portions containing such information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only". To the extent this confidential information was submitted in a filing or motion, the party submitting the filing shall cooperate in any motion or request to the Court to seal such information, in accordance with the Court's rules and procedures.

      The inadvertent or unintentional production of documents genuinely subject to work product immunity, trade secret immunity, or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly after learning of the production notifies the receiving party in writing of such inadvertent production. No party to this Action thereafter shall assert that such inadvertent disclosure alone waived any privilege or immunity. Absent court order

or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving parties will return such inadvertently produced items and all copies within seven (7) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the producing party for the return of such items. The return of such items shall not be construed as an agreement by the returning party that the information is, in fact, protected by any privilege or immunity. The receiving party, having so returned the items, may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure (without asserting waiver based solely on their inadvertent production). Nothing in this Stipulated Protective Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by any privilege or immunity.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Any party may object to the designation of particular "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) days after the time that the notice is received, it shall be the obligation of the party designating the information as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" to file and serve, within thirty (30) days that the notice is received, a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the designation. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Section 6.2 above and that sets forth with specificity the

justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. If the designating party fails to file such a motion within the prescribed time, or loses such motion, then the disputed material and information shall lose its respective designation as "Confidential" or "Highly Confidential -- Attorneys' Eyes Only."  Confidential Information shall not thereafter be treated as "Confidential;" "Highly Confidential -- Attorneys' Eyes Only" information shall not thereafter be treated as "Highly Confidential -- Attorneys' Eyes Only" and rather shall be treated as "Confidential Information" in accordance with the Stipulated Protective Order.

      6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Outside Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Designating Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions

described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

       (a)    the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

       (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (d)    The Court and its personnel;

       (e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (f)    During their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    (g) The author of the document or the original source of the information.

   7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

    (a) The Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

    (b) House Counsel of a Receiving Party (1) to whom disclosure is reasonably necessary for this Action, and (2) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4 below, have been followed;

    (d) The Court and its personnel;

    (e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    (f) The author of the document or the original source of the information.

///

///

7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a)  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, and, unless such information has previously been disclosed to that Expert already in a manner consistent with this protective order; (2) sets forth the full name of the Expert and the address of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies (by name, address, telephone number and dates of service) each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years, and (7) describes the nature of any relationship (purpose and length of relationship) that the Expert has or has had with any Party to this Action .

(b)  A Receiving Party that makes a request and provides to the Designating Party the information specified in Section 7.4 (a) above may disclose the subject Protected Material to the identified Expert unless, within seven court days of making the request, the Receiving Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If the parties cannot resolve the objection within

thirty (30) days after the time that the objection is received, the Designating Party objecting to the disclosure may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) asking the Court to approve or sustain its objection to the Receiving Party making the disclosure to the Expert. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm to the Designating Party that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in Section 7.4(c) above, and in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDINGS

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) immediately and in no event more than ten court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered

by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party or parties in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. If, within fifteen (15) days, the Designation Party fails to move for a protective order or otherwise cause to be suspended the obligations of the party receiving the subpoena to produce such documents, the party receiving the subpoena may produce responsive documents.

### 9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record

in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this Action, each Receiving Party must turn over to a mutually agreeable document destruction company all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Parry has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION) above.

12. <u>MISCELLANEOUS</u>

    12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties may by stipulation provide for exceptions to this Order, provided that such stipulation is presented to the

Court as a Consent Order, and any Party may seek an order of this Court modifying or interpreting this Order.

  12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

  12.3 <u>Enforcement</u>.  In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, subject to meet and confer obligations in the Court's Local Rules, the aggrieved party may apply to obtain injunctive relief against any such person, and in such event, the respondent, subject to the terms of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over the Order and the parties for the purpose of enforcing the Order.  The prevailing party regarding any dispute concerning the terms or enforcement of this Protective Order shall be entitled to the costs and reasonable attorneys' fees it incurred.

  12.4 <u>No Contract</u>.  This Stipulated Protective Order is not a contract or agreement between the parties, and creates no private rights of any sort in any person. It is an Order of the Court that can be amended or altered at any time by the Court for good cause.

  12.5 <u>No Waiver</u>.  Nothing in this Stipulated Protective Order, or the taking of any action in accordance with the provisions of this Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense in the Action.  The failure to object to a designation shall not constitute an admission by the receiving party that the designated information is in fact trade secret or proprietary information. This Protective Order shall not in any way limit what a party may do with its own documents or information.  Nothing in this Order shall be deemed to preclude a

party from seeking and obtaining, on an appropriate showing, different or additional protections or relief regarding matter designated as containing "Confidential" or "Highly Confidential -- Attorneys' Eyes Only" information.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: July 31, 2008                    OLIVER, KATTWINKEL & SABEC P.C.

                                            By:    /S/
                                                    Brooke Oliver
                                                    Linda Joy Kattwinkel
                                                    Attorneys for Defendants
                                                    Sony Computer Entertainment
                                                    America Inc. and David Jaffe

Dated: July 31, 2008                    KERSHAW, CUTTER & RATINOFF, LLP

                                            By:    /S/
                                                    C. Brooks Cutter
                                                    Eric Ratinoff
                                                    Attorneys for Plaintiffs
                                                    Jonathan Bissoon-Dath And Jennifer
                                                    Barrette-Herzog

    IT IS SO ORDERED.

Dated: _____          _____
                                                      The Honorable Marilyn H. Patel
                                                      United States District Judge