C. Brooks Cutter, SBN 121407
Eric J. Ratinoff, SBN 166204
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BISSOON-DATH and JENNIFER BARRETTE-HERZOG, <br><br> Plaintiffs, <br> vs. <br><br> SONY COMPUTER ENTERTAINMENT AMERICA, INC., DAVID JAFFE, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. CV 08 1235 <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

1.  Jurisdiction and Service:

    This is an action for direct and contributory copyright infringement brought pursuant to the Copyright Act of 1976, 17 U.S.C. sec. 101 et seq. and for violation of California Business and Professions Code sec 17200, et seq. The Court has exclusive jurisdiction over the copyright claims pursuant to 28 U.S.C. sec. 1331 and 28 U.S.C. sec. 1338(a) and (b), as well as supplemental jurisdiction over the unfair business practices [Bus.& Prof. Code § 17200 et seq.] claim under California law pursuant to 28 U.S.C. secs. 1338(b) and 1367(a).

    Service was made on Sony Computer Entertainment America, Inc. on April 11, 2008. A Waiver of Service as to Defendant David Jaffe was filed on June 23, 2008.

-1-

JOINT CASE MANAGEMENT STATEMENT

2. Facts:

Plaintiffs' Contentions:

Plaintiffs allege that Jonathan Bissoon-Dath is the author of a series of related works of fiction including Olympiad (a screenplay), Theseus (a screenplay), The Adventures of Owen: Owen's Olympic Adventure (a screenplay), Olympiad Version A (a synopsis/screenplay); and that Plaintiff Jennifer Barrette-Herzog created a map that was included with Bissoon-Dath's work: The Adventures of Owen: Owen's Olympic Adventure (collectively, Bissoon-Dath's four literary works and Herzog's map are hereinafter referred to as "Plaintiffs' Works"). Plaintiffs did not send their works directly to Defendants, however, Plaintiffs allege that they sent these works to agents, and others (collectively, "Agents"), beginning in January 2002. In March 2005, Defendant Sony Computer Entertainment America Inc. ("SCEA") released God of War, a video game. Plaintiffs allege that all of Plaintiffs' Works were timely registered with the United States Copyright Office.

Plaintiffs contend that Bissoon-Dath's works were a series of related literary works, that were original to him. While the works incorporated characters from Greek history and mythology, Plaintiffs allege that the central characters are original to Plaintiff Bissoon-Dath and tell a fictional story that is Bissoon-Dath's original creation. Plaintiffs contend that Defendants had access to Plaintiffs' Works. Plaintiffs allege that the similarities between Plaintiffs' works and the God of War video game give rise to a compensable claim under Federal and State law. The similarities that Plaintiffs allege between Plaintiffs' works and God of War include, among other things, similarities of plot, relationships among major characters, characteristics of characters, themes, settings, mood, pace and dialogue. Additionally, Plaintiffs contend there are similarities between a map that is published in the God of War pamphlet and the map created by Plaintiff Barrette-Herzog, also giving rise to a compensable claim under Federal and state law.

////

////

///

-2-
JOINT CASE MANAGEMENT STATEMENT

Defendants' Contentions:

Defendants contend that God of War is an original work, that it was independently created beginning in September 2001, before the earliest date that the Complaint alleges that any of the Plaintiffs' Works were circulated to any Agents, and that Defendants did not receive and to date, have not seen or otherwise had any access to Plaintiffs' Works (except for Herzog's map, which Defendants saw for the first time when it was delivered as an exhibit to the Complaint. Bissoon-Dath's works were not attached to the Complaint). Defendants contend that none of the Agents to whom Plaintiffs allegedly distributed their works delivered Plaintiffs' Works to Defendants or to anyone connected with Defendants' development of God of War. Defendants further contend that neither the God of War game nor the map included with that game is substantially or strikingly similar to Plaintiffs' Works. Rather, Defendants contend that all of the alleged similarities between the parties' works are inactionable because they are unprotected ideas, common themes in Greek mythology, history, literary and audio-visual works, common and clichéd stock elements of the genre, scenes a fair, and /or inappropriately abstracted comparisons. Further, Defendants contend that all of the allegedly similar elements of God of War were developed by Defendants prior to the time Plaintiffs allege they first distributed Plaintiffs Works to any of their Agents.

3.   Legal Issues:

The primary disputed legal issues to be addressed include: (1) whether the elements in Plaintiffs' Works that are allegedly similar to elements in God of War are original and protected by copyright; (2) whether Plaintiffs can show any evidence of any of the Defendants' having access to Plaintiffs' Work, see e.g. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000); 3) whether Plaintiffs can show a nexus between their Agents and Defendants' sufficient to establish that Defendants had access to Plaintiffs' Works as a matter of law, see, e.g., *Jason v. Fonda*, 526 F.Supp. 774, 776-77 (C.D. Cal.1981); *Meta-Film Assoc., Inc. v. MCA, Inc.*, 586 F.Supp. 1346, 1355-59 (C.D.Cal. 1984); and, if so, (4) whether Defendants' God of War is game

substantially similar to Plaintiffs' Works, *see, e.g., Berkic v. Chrichton*, 761 F.2d 1289, 1291-02 (9th Cir.), *cert. denied*, 474 U.S. 826 (1985); *Metcalf v. Bochco*, 294 F.3d 1069 (9th Cir. 2002); *Shaw v. Lindheim*, 919 F.2d 1353 (9th Cir. 1990); or (5) if access is not established, whether Defendants' God of War game is strikingly similar to Plaintiffs' Works, *see, e.g., Selle v. Gibb*, 741 F.2d 896, 904 (5th Cir. 1984); *Baxter v. MCA*, 812 F.2d 421, 423 (9th Cir. 1987); see, also, *supra* citations; *Walker v. Viacom Int'l*, 2008 U.S. Dist. LEXIS 38883, *20-23 (N.D.Cal. 2008); and (6) whether Plaintiffs' state law claim is preempted by federal copyright law. *See, e.g., Litchfield v. Spielberg*, 736 F.2d 1352, 1358 (9th Cir.), *cert. denied*, 470 U.S. 1052 (1984).

The remaining issues relate to nature and amount of damages and injunctive relief.

4.  Motions:

There are no prior or pending motions. Plaintiffs do not anticipate filing any motions at this time, but may determine that motion practice is necessary later in the litigation – e.g. with respect to the manner of presentation of evidence at any hearing on any motion to be heard by the Court.

Pursuant to the Scheduling Order dated June 18, 2008, Defendants expect to file a motion to dismiss pursuant to Rule 12(b)(6) on August 29, 2008. The motion will seek dismissal of all claims with prejudice on the following grounds:

1st Cause of Action for Direct Copyright Infringement:

(1) Plaintiffs cannot allege a nexus between Plaintiffs' Agents and Defendants sufficient to establish access, (2) Plaintiffs' have failed to allege sufficiently detailed similarities of protectable expression to establish actionable similarity; (3) dissimilarities alleged in the Complaint establish that Plaintiffs cannot amend the Complaint to sufficiently allege actionable similarities.

2d Cause of Action for Contributory Infringement:

(1) Plaintiffs have not identified any direct infringement by a third party to which Defendants allegedly contributed; and (2) because Plaintiffs cannot establish direct infringement, they cannot allege contributory infringement.

3d Cause of Action for Violation of Cal. Bus.& Prof. Code § 17200 et seq.

This claim restates the elements of the copyright claim and is thus preempted by the Copyright Act.

If the case goes forward past the Motion to Dismiss phase, Defendants anticipate filing a motion for summary judgment on liability at the appropriate time.

5. Amendment of Pleadings:

Plaintiffs do not anticipate the amendment of any pleadings at this time. If defendants file their motion to dismiss pursuant to Rule 12(b)(6), and the motion is granted, Plaintiffs will request leave to file an amended Complaint.

6. Evidence Preservation:

Plaintiffs have taken reasonable steps to secure relevant evidence.

Defendants have reviewed the Federal Rules and have taken reasonable steps to preserve evidence in compliance therewith.

7. Disclosures:

The parties have met and conferred, and will timely comply with the initial disclosure requirements of Rule 26.

Pursuant to Rule 26, Plaintiffs will disclose the relevant witnesses known to Plaintiffs at this time, and will amend accordingly during the course of the litigation. Additionally, Plaintiffs will produce copies of Plaintiffs' Works, along with documentation relating to Plaintiffs' recording with the United States Copyright Office.

Pursuant to Rule 26, Defendants will disclose the relevant witnesses known to Defendants at this time. Subject to the protective order issued in this case, and after the signed acknowledgements of that protective order have been returned by Plaintiffs and their counsel, Defendants will produce copies of documents evidencing their independent creation of the God of War game and development of the allegedly similar elements prior to January 2002, when Plaintiffs allegedly first distributed Plaintiffs' Works to their Agents.

8.  Discovery:

There has been no formal discovery to date. The parties and their counsel recognize that this case will involve significant discovery and that at the outset it is not tenable to realistically limit the scope. For example, extensive fact and expert discovery may be needed to establish how each of Plaintiffs' five works was created, and the development of Defendants God of War game over a four-year period (each involving multiple witnesses and source materials); whether each of the alleged similarities between the parties' works is commonly found in historical, literary, and audio-visual works (involving analysis of numerous books, movies, and other works); industry practices regarding video game development; and the role of each of the Agents whom Plaintiffs allege distributed their Works and their relationships with the industry and other potential intermediaries, whose alleged relationships with Defendants in turn would have to be explored, and other matters. The parties have engaged in significant meet and confer efforts to attempt to coordinate the discovery of information and manage the litigation issues in a manner that will meaningfully streamline the case by focusing efforts through a phased approach. To this end, the parties have already stipulated to a protective order which the Court signed on August 6, 2008. It is anticipated that materials will be informally exchanged in advance of the September 29, 2008, mediation. In anticipation of mediation, Defendants will informally produce evidence in support of their claim that the allegedly similar elements of God of War are inactionable common stock elements, scenes a fair, etc., and in any event had already been created independently by the Defendants before 2001. Plaintiffs will be providing Defendants with materials highlighting what

Plaintiffs view as multiple similarities between plaintiffs' original works and the defendants' God of War game. Defendants have requested that Plaintiffs produce a detailed chart showing alleged similarities of specific, concrete elements of plot, characters, themes, setting, mood, pace, dialogue, and sequence of events, as required by the Ninth Circuit to establish actionable similarity. *See, e.g., Funky Films v. O'Donnell*, 462 F.3d 1072, 1077-81 (9th Cir. 2006).

The parties are in agreement that no damages discovery should take place until after completion of liability discovery, and after the Court rules on Defendants' proposed motion for summary judgment. The parties are further in agreement that formal discovery should be held in abeyance until after the completion of the mediation, and that discovery should follow a five-phase approach:

(i.) Initial written discovery to be served by mail on or before November 21, 2008.

(ii.) Non-expert witness depositions to be conducted beginning January 2, 2009, through March 31, 2009.

(iii.) Follow-up written discovery to be served by mail on or before May 15, 2009.

(iv.) Expert discovery, including depositions, to be conducted from July 13, 2009, through November 20, 2009.

(v.) Non-expert discovery relating to damages issues to commence 60 days following the Court's Order on defendants' motion for summary judgment regarding the liability issues. The parties will submit a further Joint Statement relating to damages discovery 30 days following the Court's Order on defendants' motion for summary judgment regarding the liability issues.

The parties anticipate that until after the first phase of written discovery, they will not be able to reasonable assess the full scope of discovery that will need to be undertaken in the case, particularly with respect to the number of depositions. Counsel for the parties are committed to continued meet and confer efforts to work toward completion of discovery in a coordinated manner. The parties do anticipate the following modes of fact discovery: Requests for

Admission, Requests for Production of Documents and Things, Written Interrogatories, and Depositions of fact witnesses.

9. <u>Class Actions:</u>

This is not a class action.

10. <u>Related Cases:</u>

The parties are unaware of any related cases to this action.

11. <u>Relief:</u>

Plaintiffs seek injunctive relief and monetary damages. As injunctive relief, Plaintiffs seek an injunction requiring Defendants and all persons acting in concert with Defendants to cease the development, production and distribution of all products violating Plaintiffs' copyrights. As damages, Plaintiffs seek all damages according to proof, in amounts currently unknown, but including statutory damages authorized under the Copyright Act, all of Defendants' profits attributable to the infringement, attorneys fees and costs, and for all pre-judgment and post-judgment interest. The amount of damages is currently unknown and will be determined through discovery in this action.

Defendants seek an award of their attorneys' fees and costs for Plaintiffs' prosecution of unreasonable and frivolous claims. *See, e.g., Watermark Publishers v. High Technology Sys., Inc.*, 44 USPQ2d 1578, 1586-1588 (S.D.Cal. 1997).

12. <u>Settlement and ADR:</u>

The parties have met and conferred regarding ADR, and have agreed to a mediation of this case before Hon. Fern Smith (ret.). Mediation is set for September 29, 2008. The parties are actively meeting and conferring regarding discovery on the case, and anticipate that the preliminary discoverable information necessary to commence mediation can be exchanged by that time.

13. <u>Consent to Magistrate Judge for all Purposes:</u>

The parties do not consent to a magistrate judge for all purposes.

14. <u>Other References:</u>

Not applicable.

15. <u>Narrowing of Issues:</u>

None anticipated at this time. However, as the case proceeds toward trial the parties will meet on confer on these issues. Defendants anticipate that their motion to dismiss will resolve the case or narrow the issues for litigation substantially.

16. <u>Expedited Schedule:</u>

This case is not suitable for an expedited schedule.

17. <u>Scheduling:</u>

The parties propose the following schedule:

| | |
|---|---|
| Designation of Experts [Liability Phase] | May 29, 2009 |
| Discovery Cutoff [Liability Phase] | November 20, 2009 |
| Hearing of Dispositive Motions [Liability Phase] | By March 31, 2010 |
| Damages Discovery Cutoff [Damages Phase] | Six months after the Court rules on the Motion for Summary Judgment. |
| Designation of Experts [Damages Phase] | Four months after the Court rules on the Motion for Summary Judgment. |
| Pretrial Conference | October 25, 2010 |
| Trial | December 6, 2010 |

18. <u>Trial:</u>

Plaintiffs timely demanded a jury trial at the time of the filing of the Complaint. It is anticipated that this will be a four-week trial.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u>

The parties are unaware of any non-party interested persons.

20. <u>Other Matters:</u>

-9-

JOINT CASE MANAGEMENT STATEMENT

The parties are unaware of any other matters requiring the Court's attention at this time.

Respectfully submitted,

Dated: August 15, 2008.    **KERSHAW, CUTTER & RATINOFF LLP**

By _____
C. BROOKS CUTTER
ERIC J. RATINOFF
Attorneys for Plaintiff

Dated: August 13, 2008.    OLIVER, KATTWINKEL & SABEC P.C.

By _____
BROOKE OLIVER
Attorneys for Defendant