BROOKE OLIVER, ESQ.  (# 172828)
LINDA JOY KATTWINKEL, ESQ. (# 164283)
OLIVER, KATTWINKEL & SABEC P.C.
50 Balmy Alley
San Francisco, CA  94110
Phone: 415-641-1116
Fax: 415-695-1116
brooke@okslaw.com
ljk@okslaw.com

Attorneys for Defendants
SONY COMPUTER ENTERTAINMENT
AMERICA INC. and DAVID JAFFE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BISSOON-DATH and JENNIFER BARRETTE-HERZOG,<br><br>Plaintiffs,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, INC., DAVID JAFFE, and DOES 1 THOUGH 100, inclusive,<br><br>Defendants. | No. CV 08 1235 MHP<br><br>**DEFENDANT SONY COMPUTER ENTERTAINMENT AMERICA INC.'S ANSWER TO THE COMPLAINT**<br><br>**JURY DEMAND** |

Defendant Sony Computer Entertainment America Inc. ("SCEA"), for its Answer to the Complaint, alleges the following:

1. SCEA lacks information to admit or deny such allegations contained in paragraph 1 of the Complaint, and on that basis, denies each and every such allegation.

2. SCEA admits that SCEA released its video game entitled *God of War* in or about March 2005, and that Defendant David Jaffe was involved in the creation of *God of War*.  SCEA denies each and every remaining allegation contained in paragraph 2 of the Complaint.

3. SCEA admits that the Court has exclusive jurisdiction over Plaintiffs' copyright claim. SCEA denies each and every remaining allegation contained in paragraph 3 of the Complaint.

4. SCEA admits the allegations contained in paragraph 4 of the Complaint.

5. SCEA believes that, pursuant to Local Rule 3-2(c), Intellectual Property Actions shall be assigned on a district-wide basis, and for that reason denies the allegations in paragraph 5 of the Complaint.

6. SCEA lacks information to admit or deny the allegations contained in paragraph 6 of the Complaint, and on that basis, denies each and every such allegation.

7. SCEA lacks information to admit or deny the allegations contained in paragraph 7 of the Complaint, and on that basis, denies each and every such allegation.

8. SCEA does not understand what is meant by "manages the U.S. third party licensing program" at the end of paragraph 8 of the Complaint, and on that basis denies that allegation. SCEA admits the remaining allegations contained in paragraph 8 of the Complaint.

9. SCEA admits that Defendant David Jaffe was an employee of SCEA and that Jaffe worked as a Creative Director at SCEA in a Santa Monica studio. SCEA denies that it engaged in any unlawful acts alleged in the Complaint. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 9 of the Complaint, and on that basis, denies each and every such allegation.

10. SCEA denies each and every allegation contained in paragraph 10 of the Complaint.

11. SCEA lacks information to admit or deny the allegations contained in paragraph 11 of the Complaint, and on that basis, denies each and every such allegation.

12. SCEA lacks information to admit or deny the allegations contained in paragraph 12 of the Complaint, and on that basis, denies each and every such allegation.

13. SCEA lacks information to admit or deny the allegations contained in paragraph 13 of the Complaint, and on that basis, denies each and every such allegation.

14. SCEA lacks information to admit or deny the allegations contained in paragraph 14 of the Complaint, and on that basis, denies each and every such allegation.

15. SCEA lacks information to admit or deny the allegations contained in paragraph 15 of the Complaint, and on that basis, denies each and every such allegation.

16. SCEA lacks information to admit or deny the allegations contained in paragraph 16 of the Complaint, and on that basis, denies each and every such allegation.

17. SCEA lacks information to admit or deny the allegations contained in paragraph 17 of the Complaint, and on that basis, denies each and every such allegation.

18. SCEA denies each and every allegation contained in paragraph 18 of the Complaint.

19. SCEA admits that *God of War* was released in or about March 2005. SCEA denies each and every remaining allegation contained in paragraph 19 of the Complaint.

20. SCEA admits that Jaffe was employed by SCEA. SCEA denies each and every remaining allegation contained in paragraph 20 of the Complaint.

21. SCEA denies each and every allegation contained in paragraph 21 of the Complaint.

22. SCEA lacks information to admit or deny the allegations contained in paragraph 22 of the Complaint, and on that basis, denies each and every such allegation.

23. The allegations in paragraph 23 of the Complaint, which purport to describe *God of War,* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation.

24. The allegations in paragraph 24 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 24 of the Complaint, and on that basis denies each and every such allegation.

25. SCEA denies each and every allegation contained in paragraph 25 of the Complaint.

26. The allegations in paragraph 26 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 26 of the Complaint, and on that basis denies each and every such allegation.

27. SCEA denies that *Blades of Chaos*, or any other elements of *God of War*, are taken from Plaintiffs' works. The other allegations in paragraph 27 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining

allegations contained in paragraph 27 of the Complaint, and on that basis denies each and every such allegation.

28.   The allegations in paragraph 28 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation.  SCEA lacks information to admit or deny the remaining allegations contained in paragraph 28 of the Complaint, and on that basis denies each and every such allegation.

29.   The allegations in paragraph 29 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation.  SCEA lacks information to admit or deny the remaining allegations contained in paragraph 29 of the Complaint, and on that basis denies each and every such allegation.

30.   The allegations in paragraph 30 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation.  SCEA lacks information to admit or deny the remaining allegations contained in paragraph 30 of the Complaint, and on that basis denies each and every such allegation.

31.   The allegations in paragraph 31 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation.  SCEA lacks information to admit or deny the remaining allegations contained in paragraph 31 of the Complaint, and on that basis denies each and every such allegation.

32.   The allegations in paragraph 32 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation.  SCEA lacks information to admit or deny the remaining allegations contained in paragraph 32 of the Complaint, and on that basis denies each and every such allegation.

33.   SCEA denies that any elements of *God of War* were taken from Plaintiffs' works.  The other allegations in paragraph 33 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation.  SCEA lacks information to admit or deny the remaining allegations contained in paragraph 33 of the Complaint, and on that basis denies each and every such allegation.

34. SCEA denies that any elements of the *God of War* map were taken from Plaintiffs' works. The other allegations in paragraph 34 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 34 of the Complaint, and on that basis denies each and every such allegation.

35. The allegations in paragraph 35 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 35 of the Complaint, and on that basis denies each and every such allegation.

36. The allegations in paragraph 36 of the Complaint, which purport to describe a game pamphlet for *God of War,* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 36 of the Complaint, and on that basis denies each and every such allegation.

37. The allegations in paragraph 37 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 37 of the Complaint, and on that basis denies each and every such allegation.

38. SCEA denies the allegations made in the first four sentences of paragraph 38 of the Complaint. The allegations in paragraph 38 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 38 of the Complaint, and on that basis denies each and every such allegation.

39. SCEA denies the allegations made in the first sentence of paragraph 39 of the Complaint. The allegations in paragraph 39 of the Complaint which purport to describe elements of *God of War* are inaccurate, incomplete, abstracted and/or misleading, and on that basis, SCEA denies each and every such allegation. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 39 of the Complaint, and on that basis denies each and every such allegation.

40. SCEA denies the allegations made in the first and last sentences of paragraph 40 of the Complaint. SCEA lacks information to admit or deny the remaining allegations contained in paragraph 40 of the Complaint, and on that basis, denies each and every such allegation.

41. SCEA realleges and incorporates by reference each and every answer of SCEA to paragraphs 1-40 of the Complaint set forth above as though fully set forth herein.

42. SCEA denies that Plaintiff Bissoon-Dath's works are "wholly original material." SCEA lacks information to admit or deny the remaining allegations contained in paragraph 42 of the Complaint, and on that basis, denies each and every such allegation.

43. SCEA denies that Plaintiff Barrette-Herzog's map is "wholly original material." SCEA lacks information to admit or deny the remaining allegations contained in paragraph 43 of the Complaint, and on that basis, denies each and every such allegation.

44. SCEA denies each and every allegation contained in paragraph 44 of the Complaint.

45. SCEA denies each and every allegation contained in paragraph 45 of the Complaint.

46. SCEA realleges and incorporates by reference each and every answer of SCEA to paragraphs 1-45 of the Complaint set forth above as though fully set forth herein.

47. SCEA denies each and every allegation contained in paragraph 47 of the Complaint.

48. SCEA denies each and every allegation contained in paragraph 48 of the Complaint.

49. SCEA realleges and incorporates by reference each and every answer of SCEA to paragraphs 1-48 of the Complaint set forth above as though fully set forth herein.

50. SCEA denies each and every allegation contained in paragraph 50 of the Complaint.

51. The allegations in paragraph 51 of the Complaint purport to describe the legal scope of a State of California statute, and do not appear to contain any factual allegations against Defendants, and on that basis, SCEA denies each and every such allegation.

52. SCEA denies each and every allegation contained in paragraph 52 of the Complaint.

53. SCEA denies each and every allegation contained in paragraph 53 of the Complaint.

/ / /

/ / /

/ / /

**FIRST AFFIRMATIVE DEFENSE**

54.     The Complaint fails to state facts sufficient to constitute a claim under the alleged First Cause of Action.

**SECOND AFFIRMATIVE DEFENSE**

55.     The Complaint fails to state facts sufficient to constitute a claim under the alleged Second Cause of Action.

**THIRD AFFIRMATIVE DEFENSE**

56.     The Complaint fails to state facts sufficient to constitute a claim under the alleged Third Cause of Action.

**FOURTH AFFIRMATIVE DEFENSE**

57.     The state claims comprising the alleged Third Cause of Action are preempted by the U.S. Copyright Act, 17 U.S.C. § 301(a).

**FIFTH AFFIRMATIVE DEFENSE**

58.     Some or all of Plaintiffs' works at issue in the Complaint do not constitute original works of authorship and are thus not entitled to copyright protection under U.S. Copyright law.

**SIXTH AFFIRMATIVE DEFENSE**

59.     Some or all of Plaintiffs' works at issue in the Complaint were not authored by Plaintiffs, and/or are part of the public domain.

**SEVENTH AFFIRMATIVE DEFENSE**

60.     Some or all of Plaintiffs' works at issue in the Complaint are not properly registered under U.S. Copyright law.

**EIGHTH AFFIRMATIVE DEFENSE**

61.     One or both Plaintiffs lack standing to bring the claims alleged in the Complaint.

**WHEREFORE**, SCEA prays for judgment as follows:

1.     That Plaintiffs take nothing by their Complaint;

2.     For costs of suit incurred herein;

    3.    For reasonably attorneys' fees pursuant to the U.S. Copyright Act, 17 U.S.C. § 505 and Federal Rule of Civil Procedure 11; and

    4.    For such other relief as the Court deems proper.

Dated:  August 29, 2008                      OLIVER, KATTWINKEL & SABEC P.C.

                                              By:   /Linda Joy Kattwinkel/
                                                   Linda Joy Kattwinkel
                                                   Attorneys for Defendants
                                                   Sony Computer Entertainment
                                                   America Inc. and David Jaffe

## JURY DEMAND

SCEA hereby requests a trial by jury.

Dated:  August 29, 2008                      OLIVER, KATTWINKEL & SABEC P.C.

                                              By:   /Linda Joy Kattwinkel/
                                                 Linda Joy Kattwinkel
                                                 Attorneys for Defendants
                                                 Sony Computer Entertainment
                                                 America Inc. and David Jaffe