UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BISSOON-DATH and JENNIFER B. DATH a.k.a. JENNIFER BARRETTE-HERZOG,<br><br>Plaintiffs,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, INC., DAVID JAFFE, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | No. C 08-1235 MHP<br><br>**ORDER**<br><br>**Re: Motion to Withdraw** |

Plaintiffs' counsel, Bullivant Houser Bailey PC ("BHB"), seeks to withdraw from this action, citing irreconcilable differences with the plaintiffs. Docket No. 163 (Motion). Specifically, counsel claims that plaintiffs have on numerous occasions declined the follow the advice of counsel, and that the attorney-client relationship has irretrievably broken down. *See* Cal. R. Prof. Conduct 3-700(C)(1)(d) (allowing withdrawal where it would be unreasonably difficult to continue representation). Plaintiff Jonathan Bissoon-Dath, who is a member in good standing of the State Bar of California, opposes the motion. Docket No. 166 (Declaration). Bissoon-Dath claims that his attorneys made a number of mistakes in prosecuting this action, and that he has serious ethical concerns about counsel's representation. *Id.* The tenor of the declaration demonstrates that the attorney-client relationship has in fact been irretrievably compromised. This militates in favor of granting the motion. Indeed, the Ninth Circuit has already allowed plaintiffs' counsel to withdraw from the appeal associated with this action. Docket No. 168 (Florence Reply Dec.) ¶ 4.

Counsel also claims that its engagement with plaintiffs was not intended to include appeal. Bissoon-Dath claims that his attorneys agreed, in writing, that the engagement included representation through appeal; however, he neglected to provide the court with the engagement letter, which appears to be a contingency-fee agreement. A decision regarding appeal is unlikely to have been made prior to the conclusion of the trial court proceedings; consequently, plaintiffs' characterization of the scope of the engagement is not credible. Even if the engagement letter included representation during plaintiffs' appeal, the court will not force counsel to represent plaintiffs in light of irreconcilable differences between plaintiffs and their counsel. If plaintiffs are correct, and counsel would be in breach of their contractual obligations regarding representation, plaintiffs may well have claims against BHB based on this withdrawal.

Finally, Bissoon-Dath also claims that the district court representation, for which BHB was retained, have not reached their natural conclusion, as defendants may renew their motion for attorneys' fees upon conclusion of appellate proceedings. While defendants may renew their motion, the attorneys' fees motion is fully briefed. The costs associated with the district court proceedings have already been incurred; consequently, renewal of the motion is unlikely to require further briefing. Plaintiffs' opposition to the motion for attorneys' fees will therefore not be prejudiced by the withdrawal.

For the foregoing reasons, BHB's motion to withdraw is GRANTED. BHB is ORDERED to cooperate with plaintiffs to effectuate the return of plaintiffs' case file to plaintiffs.

IT IS SO ORDERED.

Dated: August 13, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2