IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BISSON-DATH and JENNIFER BARRETTE-HERZOG,<br><br>    Plaintiffs,<br><br>  v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC., DAVID JAFFE, and DOES 1 THROUGH 100, inclusive,<br><br>    Defendants. | Case No. CV-08-1235 SC<br><br>ORDER DENYING DEFENDANTS' RENEWED MOTION FOR ATTORNEY FEES AND COSTS |

## I.  INTRODUCTION

Plaintiffs Jonathan Bissoon-Dath ("Bissoon-Dath") and Jennifer Dath[1] (collectively, "Plaintiffs") filed this action in February 2008, alleging that Defendant Sony Computer Entertainment America Inc. and its former employee David Jaffe (collectively, "Defendants") misappropriated Plaintiffs' original copyrighted works to develop the popular video game God of War.  ECF No. 1.  On March 9, 2010, the court granted Defendants' motion for summary judgment and dismissed Plaintiffs' claims in their entirety.  ECF No. 133 ("SJ Order").[2]  Defendants then timely moved for attorney

---

[1] Plaintiff Jennifer Barrette-Herzog avers that she changed her name to Jennifer B. Dath in 2008.  ECF No. 85 ¶ 3.

fees and costs pursuant to 17 U.S.C. § 505. ECF No. 135 ("Mot."). Plaintiffs filed an opposition and Defendants filed a reply. ECF Nos. 145 ("Opp'n"), 149 ("Reply"). In the interim, Plaintiffs appealed the Court's Summary Judgment Order to the Ninth Circuit. ECF No. 142. In light of the pending appeal, the Court deferred ruling on Defendants' motion for attorney fees. ECF No. 162. After the Ninth Circuit adopted and affirmed the Court's Summary Judgment Order, ECF No. 172,[3] Defendants renewed their motion for attorney's fees, relying on the memorandum of points and authorities filed with their first motion, ECF No. 176 ("Renewed Mot.").[4] Plaintiffs then filed an opposition to the renewed motion, raising new arguments related to their appeal, and Defendants filed another reply. ECF Nos. 179 ("Opp'n to Renewed Mot."), 182 ("Reply ISO Renewed Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. As detailed below, Defendants' renewed motion for attorney fees is DENIED.

**II. DISCUSSION**

The procedural history of this case is familiar to the parties and the Court and, as such, will not be recounted here. Under 17 U.S.C. § 505, "the court may . . . award a reasonable attorney's

---

[2] Bissoon-Dath v. Sony Computer Entm't Am., Inc., 694 F. Supp. 2d 1071 (N.D. Cal. 2010).

[3] The Ninth Circuit's order was filed on July 29, 2011. Dath v. Sony Computer Entm't Am., Inc., 653 F.3d 898 (9th Cir. 2011). The Mandate was issued by the Ninth Circuit on October 12, 2011, and was filed in this Court on February 24, 2012. ECF No. 175.

[4] Defendants re-noticed their renewed motion on May 1, 2012. ECF No. 180.

fee to the prevailing party" in actions brought under the Copyright Act. Recovery of attorney fees is not automatic, and district courts may exercise their equitable discretion in making such determinations. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). The Supreme Court has enunciated a number of nonexclusive factors that courts should consider when making these determinations: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n.19. Additionally, the Ninth Circuit has added additional considerations: "the degree of success obtained, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003). The Court finds that these factors weigh against awarding attorney fees in the instant action.[5]

Defendants argue that they are entitled to attorney fees because they achieved complete success in defeating Plaintiffs' claims. Mot. at 9. The Court agrees that this factor weighs in favor of an attorney fee award, but it is not dispositive. If it was, then prevailing parties would be entitled to attorney fees as a matter of course. But that is not the law. See Fogerty, 510

---

[5] Plaintiffs argue that the Court need not reach these factors since Defendants' renewed motion was untimely. Opp'n to Renewed Mot. at 2. This argument lacks merit. Civil Local Rule 54-5(a) requires that "motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court." Here, judgment was entered on March 9, 2010, ECF No. 134, and Defendants moved for attorney's fees on March 23, 2010, ECF No. 135. Further, Defendants filed their renewed motion soon after the Ninth Circuit's mandate was filed with the Court.

3

U.S. at 533. Accordingly, the Court proceeds to examine the other non-exclusive factors.

The Court first finds that Plaintiffs' claims were not objectively unreasonable or frivolous. "A frivolous claim is one in which the factual contention is 'clearly baseless,' such as factual claims that are 'fantastic or delusional scenarios.'" Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, C 04-00371 JW, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (quoting Neitzke v. Williams, 490 U.S. 324, 325-328 (1989)). A claim is not frivolous merely because it is unsuccessful. Defendants argue that Plaintiffs knew or should have known that their claims were baseless from a "simple reading" of the respective works at issue in this case. Mot. at 11. While the Plaintiffs' claims lack merit, the Court finds that they do not rise to the level of the frivolous. As evidenced by the Court's Summary Judgment order, a comparison of the various works at issue in this case is not simple. Further, Plaintiffs performed their due diligence prior to filing suit. See ECF No. 146 ("Bissoon-Dath Decl.") ¶¶ 3-4. Defendants also argue that they warned Plaintiffs that their claims lacked merit at the outset by sending Plaintiffs a letter which outlined weaknesses in their case. Mot. at 11-12. But the fact that Plaintiffs declined to voluntarily dismiss their case after reviewing this correspondence does not support a finding of frivolousness. It is not surprising or unusual for a party to reject an adversary's assessment of its case. See Modular Arts, Inc. v. Interlam Corp., C07-382Z, 2009 WL 151336, at *2 (W.D. Wash. Jan. 20, 2009).

The Court also finds that Plaintiffs did not have an improper

4

motive for bringing this suit. Defendants argue that "[t]his is another in the long line of cases where an aspiring writer comes out of the woodwork with unsupported claims that a successful movie or game copied his unpublished script, in hopes of forcing a [d]efendant to pay a large settlement . . . ." Mot. at 13. There is scant evidence to support this contention. Defendants' argument hinges on the financial success of the God of War franchise and the dismissal of Plaintiffs' claims. That is not enough. There is no evidence that Plaintiffs sought to publicize the case to gain attention for themselves or their works. Nor is there evidence that they sought to enjoin distribution of Defendants' work in order to extract a nuisance settlement. Additionally, the amount of time and effort Plaintiffs devoted to this suit weighs against a finding of bad faith. Bissoon-Dath declares that Plaintiffs spent thousands of hours analyzing the record and incurred substantial debt in connection with this action. Bissoon-Dath Decl. ¶ 4. It is unlikely that Plaintiffs would have made such a personal sacrifice if they believed their claims lacked merit.

Defendants also point to Plaintiffs' litigation tactics as evidence of bad faith, arguing that Plaintiffs "did all they could to delay and complicate the resolution of this case." Mot. at 15. Defendants argue that Plaintiffs acted improperly when they made "four unreasonably broad requests for extensions of time," filed a flawed expert report, filed a "frivolous" motion to extend page limits, and submitted "hundreds of pages of incomprehensible interrogatory responses," among other things. Id. Plaintiffs respond that Defendants were responsible for any unnecessary delay or expense incurred by the parties, pointing to Defendants'

5

1 negotiation tactics and Defendants' production of "hundreds of
2 thousands of pages of documents[] in no discernable order."  Opp'n
3 at 21-22.  None of this conduct is so egregious as to rise to the
4 level of bad faith.  Each party could have taken steps to reduce
5 the costs incurred by the other.  That is the case in almost any
6 litigation.  Significantly, neither party was sanctioned or
7 otherwise reprimanded for their conduct.  The fact that both
8 parties aggressively pursued their claims through pre-trial motions
9 and discovery does not give rise to a finding of bad faith.

10     The Court also finds that awarding Defendants attorney fees
11 would not necessarily serve the purpose of the Copyright Act.
12 "[D]efendants who seek to advance a variety of meritorious
13 copyright defenses should be encouraged to litigate them to the
14 same extent that plaintiffs are encouraged to litigate meritorious
15 claims of infringement."  <u>Fogerty</u>, 510 U.S. at 527.  Here,
16 Defendants had ample incentive to vigorously defend its multi-
17 billion dollar <u>God of War</u> franchise against claims of infringement.
18 On the other hand, holding Plaintiffs liable for over a million
19 dollars in attorney fees could have chilling effect on suits that
20 could be brought under the Copyright Act.  Individual plaintiffs
21 might be hesitant to bring meritorious infringement claims in the
22 future if they believe that such claims could lead to financial
23 ruin.  Courts must consider whether an attorney fee award
24 "impose[s] an inequitable burden on an impecunious plaintiff."
25 <u>Ets-Hokin</u>, 323 F.3d at 766.  Here, Plaintiffs declare that an award
26 of attorney fees would force them into bankruptcy.  Dath Decl. ¶ 7.
27 Coupled with the fact that Plaintiffs brought this action in good
28 faith, such concerns clearly weigh against awarding Defendants

United States District Court
For the Northern District of California

6

attorney fees.[6]

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Defendants Sony Computer Entertainment America, Inc. and David Jaffe's motion for attorney fees.

IT IS SO ORDERED.

Dated: July 24, 2012

UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

---

[6] The Court's reasoning is buttressed by the fact that the Ninth Circuit denied Defendants' motion for fees on appeal. Opp'n to Renewed Mot. Ex. 1.